UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| ZHARICK DANIELA BUITRAGO ORTIZ,<br><br>        Petitioner,<br><br>    v.<br><br>LADEON FRANCIS, Field Office Director, Atlanta Field Office, U.S. Immigration and Customs Enforcement, et al.,<br><br>        Respondents. | CIVIL ACTION NO.<br><br>1:26-CV-353-SEG-JEM |

# O R D E R

This matter is before the Court on Petitioner Zharick Daniela Buitrago Ortiz's emergency motion for a temporary restraining order. (Doc. 7.) Petitioner has filed for a petition for writ of habeas corpus alleging that she is eight months pregnant, in medical distress, and being denied medical care while in the custody of Respondents. (Doc. 1 ¶ 1.) In addition, Petitioner alleges that she is currently located at Hartsfield-Jackson International Airport in Atlanta, Georgia, awaiting a deportation flight to Colombia. (*Id.* ¶ 2.) Petitioner asserts, *inter alia*, that she is in extreme medical distress and that she cannot be removed by airplane without serious risk to her health and safety and that of her unborn child. (*Id.* ¶ 20.)

The Court held a telephone conference on Petitioner's motion. At the conference, the Government provided tentative information that Petitioner was on a flight that took off at 2:45 PM, on January 21, 2026, but had yet to confirm that information.

To obtain a temporary restraining order or preliminary injunction, "the movant [must] demonstrate[ ] that: (a) there is a substantial likelihood of success on the merits; (b) the TRO or preliminary injunction is necessary to prevent irreparable injury; (c) the threatened injury outweighs the harm that the TRO or preliminary injunction would cause to the non-movant; and (d) the TRO or preliminary injunction would not be averse to the public interest." *Parker v. State Bd. of Pardons & Paroles*, 275 F.3d 1032, 1034-35 (11th Cir. 2001). "If [the movant] is unable to show a substantial likelihood of success on the merits, [courts] need not consider the other requirements." *Bloedorn v. Grube*, 631 F.3d 1218, 1229 (11th Cir. 2011). "A temporary restraining order is 'an extraordinary and drastic remedy' and should be granted only when the movant carries the burden of persuasion as to each of the four prerequisites." *Tucker v. Select Portfolio Servicing, Inc.*, No. 1:15-CV-3046-TCB, 2015 WL 13776662, at *1 (N.D. Ga. Aug. 31, 2015) (citing *United States v. Jefferson County*, 720 F.2d 1511, 1518 (11th Cir. 1983)); *see also All Care Nursing Serv., Inc. v. Bethesda Mem'l Hosp., Inc.*, 887 F.2d 1535, 1537 (11th Cir. 1989).

Considering the exigencies raised by Petitioner's motion and Ms. Ortiz's representation that she is in serious medical distress and that her deportation is imminent, the Court finds that a temporary restraining order staying Ms. Ortiz's deportation, if she has not yet departed the United States, is warranted to permit the Court to consider the merits of her request for preliminary injunctive relief. In issuing this Temporary Restraining Order ("TRO"), the Court recognizes that Respondents have not been given an opportunity to brief the issues raised by Petitioner's motion. The Court further emphasizes that it is not making a decision on the merits of Petitioner's request for substantive relief.

However, the Petitioner has at least raised a serious question as to whether her imminent deportation poses a serious risk to her health, in violation of her substantive due process rights under the Fifth Amendment. Moreover, in the absence of a stay, Ms. Ortiz may be deported, if she hasn't been deported already, in which case any ability for the Court to render relief will be eliminated. A brief temporary stay to maintain the status quo is therefore warranted.

Accordingly, the Court **ORDERS** as follows:

1. Petitioner's emergency motion for a temporary restraining order (Doc. 7) is **GRANTED IN PART**. The motion is **GRANTED** to the extent that, **if Petitioner has not yet departed the United States, Respondents are ENJOINED from deporting Ms. Zharick Daniela Buitrago Ortiz until January 30, 2026**. This order expired on January 30, 2026, unless further extended by the Court.

2. If Petitioner has departed the United States, Respondents are **ORDERED** to provide her with constitutionally adequate healthcare so long as she remains in Respondents' custody.

3. Respondents are ordered to respond to Petitioner's motion for a temporary restraining order by January 23, 2026. Petitioner may file a reply brief in support of her motion by January 26, 2026.

4. The Court sets a hearing to consider any further extension to the Court's Temporary Restraining Order for January 27, 2026, at 10:00 AM in Courtroom 2307.

5. Counsel for the Government is **DIRECTED** to transmit a copy of this order to Respondents immediately.

6. Petitioner's motion is **TAKEN UNDER ADVISEMENT** in all other respects.

**SO ORDERED**, this 21st day of January, 2026.

_____
SARAH E. GERAGHTY
United States District Judge